IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN WAYNE HINES, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv641 |
| JODY R. UPTON | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner John Wayne Hines, Sr., an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

Petitioner contends prison officials have erroneously calculated his sentence, depriving him of credit toward the completion of his sentence for time spent in state custody. Petitioner contends he is entitled to time credited toward his federal sentence for time spent in state custody following his federal sentencing.

On March 22, 2004, while on state parole, petitioner was arrested. Petitioner was temporarily transferred to federal custody on March 30, 2004 pursuant to a writ of habeas corpus *ad prosequendum*. On September 30, 2004, in the United States District Court for the Western District of Texas, petitioner was sentenced to a term of 97 months imprisonment for conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). Following sentencing, petitioner was returned to state authorities on October 12, 2004.

On October 18, 2004, petitioner was sentenced to a term of four years imprisonment in state court for the offense of escape. Petitioner was taken into custody by state authorities and was given credit toward the completion of his state sentence for jail time beginning on March 13, 2004.

### The Response

The respondent was ordered to show cause why relief should not be granted. The respondent filed an answer stating that the petition should be denied because petitioner received prior custody

credit for the time he spent on writ in the USMS custody from March 30, 2004 through October 11, 2004. Further, the BOP requested *nunc pro tunc* designation; however, the sentencing judge recommended that his federal sentence run consecutively to any other sentence imposed.

## Analysis

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

*Commencement of Sentence*

As previously set forth, petitioner contends prison officials have erroneously calculated his sentence, depriving him of credit toward the completion of his sentence for time spent in state custody. Petitioner contends he is entitled to have time credited toward his federal sentence for time spent in state custody following his federal sentencing.

The calculation of a term of imprisonment is governed by Title 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28, <u>Sentence Computation Manual</u>, page 1-21. This is true even if a sentence is to run concurrent with a

previously imposed term. *Id* (holding "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served").

The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980); *United States v. Smith*, 812 F.Supp. 368 (E.D.N.Y. 1993). Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence. *United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir. 1990).: *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1988).

Here, petitioner, a parolee, was in state custody prior to being sent to federal custody for prosecution, and petitioner was returned to state custody following his federal sentencing to complete his state sentence for escape. A review of the documentation provided with the response reveals petitioner received credit toward the completion of his state sentence of the time for which he now seeks credit. Thus, in accordance with 18 U.S.C. § 3585(b), petitioner has been credited with all time to which he is entitled. Accordingly, petitioner's claim should be denied.

*Retroactive Designation of Place of Service*

Petitioner's judgment was silent as to whether it should run concurrently or consecutively with any pending state sentence. Petitioner seeks to have his federal sentence run concurrently with his state sentence even though the federal sentence was silent as to whether it would be run concurrently or consecutively to the state sentence; thus, having the state institution re-designated as the place to serve his federal sentence by entering a *nunc pro tunc* order so providing.

Title 18 U.S.C. § 3584(a) provides in relevant part the following:

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an

undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Here, multiple terms of imprisonment were imposed at different times with no notation in the federal judgment that the terms were to run concurrently. Thus, petitioner's terms are to run consecutively.

Assuming, *arguendo*, that § 3584 does not apply, petitioner may be entitled to relief under 18 U.S.C. § 3621(b). Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons (BOP) has discretion to designate the place of a prisoner's imprisonment and the BOP may exercise that discretion to designate, *nunc pro tunc*, a state facility where petitioner has served a state sentence as the place of confinement for purposes of serving his or her federal sentence. *Barden v. Keohane*, 921 F.2d 476, 478-79 (3rd Cir. 1990). The BOP's failure to exercise its discretion to consider such a *nunc pro tunc* designation, or its abuse of discretion in making its decision are within the jurisdiction of a federal court to review pursuant to section 2241. *Id*.

Here, however, petitioner's request for *nunc pro tunc* designation was considered by the BOP and denied. A review of the response to petitioner's administrive remedy reveals that prison officials determined petitioner was ineligible for *nunc pro tunc* designation for the following reasons: his instant federal offense, adult criminal convictions, and the silence of the federal judgment on the issues of concurrency combined with the opposition of the sentencing court. The Bureau determined that such service of petitioner's sentence would be inappropriate in petitioner's case. Thus, petitioner has failed to show that the BOP abused its discretion in denying his request. Accordingly, petitioner is entitled to no relief.

## ORDER

For the reasons set forth above, this petition for writ of habeas corpus is without merit. Accordingly, the petition should be denied. A final judgment will be entered in accordance with this memorandum.

**SIGNED** this the **2** day of **May, 2011.**

_____
Thad Heartfield
United States District Judge